I'm Debra Bookout and I represent petitioner appellant Michael Leonetti. I'm going to try to reserve two minutes for rebuttal. The issue in this appeal is whether the gatekeeping procedures in Section 2244 of the AEDPA precludes review of Leonetti's second federal petition, or more specifically, whether the dismissal of Leonetti's first federal petition pursuant to Rule 4 was an adjudication on the merits such that his second petition would be subject to dismissal under 2244B. Mr. Leonetti contends that it was not. First, the district court's failure to state whether the dismissal was with prejudice evinces the court's intention that the dismissal not be with prejudice such that it would have preclusive effect. In that order, didn't the judge also say you're not getting the certificate of appealability? Yes. What more do you need? The district court judge was saying this case is over. Well, I think that there was no choice but to deny a certificate of appealability under the circumstances when the court found that there was. Usually when you think about with prejudice or without prejudice, it's usually for purposes of finality. Right. Right. I mean, wasn't this final at the time the judge entered his order? And then he says, oh, by the way, you're not getting a certificate of appealability? The case is frivolous. That's the position that Williams is taking, which I think is not what the case law interpreting what finality in habeas cases is for purposes of 2244. Is there a difference between finality and a ruling on the merits of the claim, a determination of the merits of the claim? I think that there can be a difference, and I think that there's some case law that suggests that a denial of, say, in Mr. Leonetti's case, his first petition for being, quote, unquote, frivolous or not stating meritorious claims, isn't necessarily a final order that would have preclusive effect on a second petition. And I think that some of this is addressed in my briefings, but the cases suggest that you have to look to what the court actually did. And in order for the first petition, the dismissal of the first petition to have preclusive effect, the court would have had to, under 2244A, determine the legality of Mr. Leonetti's detention. That's what the statute says. And there are cases that suggest that can't happen unless there's a substantive review of the merits of Mr. Leonetti's claim. Well, okay. So when the district court under Rule 4, when the district judge got the petition or whatever presented to him or whatever, and he looked at it, however he did it, he ended up writing, None of these claims in the petition, I added the words in the petition, sets forth any ground upon which Federal habeas relief could potentially be granted. He also says in a subsequent order. Oh, no. I mean, but this is the order. Moreover, in the conclusion of this amended petition, Petitioner seeks relief not available in Federal courts. And then if you go and look at the petition that he filed, the amended petition, he's asking the Federal court to order the Nevada Judicial Commission to conduct a hearing on the conduct of the state court judge. That's not any basis for Federal habeas relief. What more do you need? I think there's no question that Mr. Leonetti's petition was often incoherent and rambling. It doesn't clearly state a Federal violation. But despite the relief he received. It makes it pretty clear what he's after. I read the whole thing. It makes it pretty clear what he wants. He's very upset with that state court judge who did not agree to vacate his plea. And within the statement about his dissatisfaction with the state court judge are his claims. Encompassed within that rather strange request for relief and his anger at the court, there are, in fact, Federal violations presented in his petition. The argument I'm making here is really that if, in fact, a Rule 4 dismissal could be in all cases an adjudication on the merits that would bar successive relief, then there is no real reason to determine under 22.4. I don't think in all cases a screening under Rule 4 is a ruling on the, you know, it's always for purposes of a successive petition would qualify as a predicate petition for purposes of successive. The second one qualifies as a successive petition. I mean, I agree with you on that. But if you look at what your comment was, you have to look to see what they did. If you look and see what he did here, he's saying that there's no basis for Federal habeas relief in this case. But he also says that he didn't reach the merits of Mr. Lake. Okay, then he comes along. I agree with you. Then he comes along. After he denies the certificate of appealability, he then comes along a couple of months, about a year later. Was it a year? Was it quite a while? No, I don't think so. How long was it after this? It was after the denial of the ‑‑ well, it was after the dismissal of the petition. He filed a motion for default judgment. Right. And then the judge comes back and says. And says, I never reached the merits of your petition and I've already ruled on it. But he also says that the petition was frivolous. I mean, I don't. I mean, I think. I don't even. I mean, he addresses the need for a certificate of appealability after he already ruled on the question of certificate of appealability. And then he says that a ruling under Rule 4 is a procedural matter. I mean, the whole thing is. Well, which I think is the point, then, in this case, is whether notwithstanding the comments he makes about Mr. Leonetti's kind of crazy claims, that in fact the court's intention was not to dismiss his petition such that a second petition would be dismissed or subject to dismissal under 2244B. And I think that there are many policy concerns and well-established principles governing habeas cases that suggest that there has to be a little bit more leniency when you're talking about a pro se, uneducated, lacking in legal expertise, unrepresented petitioner. The fact is, to read the court's dismissal the way opposing counsel would argue would work in substantial injustice on Mr. Leonetti. He, with counsel, presented federal violations in state court timely. He timely filed his federal petition in 2007. There were no other procedural bars that would preclude review of his claims other than his inability to articulately state what his federal violations were. And I think under the circumstances, that dismissal did not state that it was with prejudice, was, in fact, not intended to have the preclusive effect that it did. And so I think there's a lot about that. Well, if it hadn't been for the judges, that subsequent little order, I would have a hard time saying that this was not the merit. Because second order sort of, you know, raises some questions about what the judge was doing. Maybe the judge didn't know what he was doing. And we should just say, well, in this ‑‑ you know, given the second order, it's not certain, it's not clear. And, you know, the unique circumstances here, this doesn't qualify as a predicate offense, and therefore the second one was not ‑‑ Well, I think ‑‑ ‑‑ barred by the successive doctrine. I ‑‑ you know, it's clear, and if you look at the briefing, that there is ‑‑ there are no ‑‑ well, not no. There are very few cases which specifically address the situation in Mr. Leonetti's case. Yes, it is true that a Rule 4 dismissal can be considered a final order if it appears, and I think Howard v. Lewis or Gutierrez v. Griggs, which is cited here, it was a Rule 4 dismissal. And the record showed that the court had actually reviewed the merits within the petition prior to the Rule 4 dismissal. So back to the language of ‑‑ I'm sorry. I ‑‑ well, I just ‑‑ Rule 4, I think, contemplates some ‑‑ you know, when you get a habeas petition, you don't ‑‑ it's quite possible you're not going to get all of the state court records, and you're not going to get ‑‑ you're not going to have a lot of information before you, but the Rule 4 gives the district judges an opportunity to scrutinize the petition to see if there's any potential basis for a claim. And the court's point about not having the full record before it and ruling on Rule 4 is precisely the reason that it shouldn't be considered a final order that would have the preclusive effect that is at issue here. All right. Okay. I'm going to try to reserve the rest. Okay. May it please the Court, Counsel, my name is Jeffrey Conner, Deputy Attorney General with the Office of the Attorney General of the State of Nevada. I have the privilege of representing the respondents in this matter. The district court should affirm ‑‑ excuse me, this court should affirm the district court's finding that the 2010 federal habeas petition filed by the petitioner Michael Leonetti constitutes a successive petition and further should find that on its face that petition fails to satisfy the requirements for filing a successive petition pursuant to 28 United States Code section 2244B. The crux of the respondent's position with regard to the first question that this court certified for repeal is that the fact that the district court did not state that it was without prejudice means it was with prejudice. I think the court hit directly on the point that the language used by the district court in dismissing the petitioner's 2007 amended petition clearly shows that the district court addressed the merits of that claim. Well, I don't think it's clear. When he dismisses it, he says that the defendant has not stated any claim. Now, that's, to me, a defect in the pleading rather than a ruling on the merits. He needs to have examined the record and examined the claims and then said that he's ruled on the merits. Your Honor, I respectfully have to disagree with your opinion on that because here, just as with a 12B6 ruling, a failure to state a claim for relief constitutes a ruling of the merits of those claims. And as a result, that constitutes an adjudication on the legality of the petitioner's confinement. Well, what he's saying is that the pleadings are defective. He hasn't stated a claim. And perhaps in an amended pleading, he would state a claim. I would point out that Mr. Leonetti initially filed a 2007 petition. The district court then informed him that part of the ---- there were facial defects with his petition. And one ---- among those facial defects were that some of his claims did not state federal claims for relief. The court then ordered the clerk's office to provide the petitioner with the proper form to file a habeas petition. And he filed an amended petition. And the district court gave him an opportunity to correct that defect, and he didn't do so. Furthermore, because essentially what happens, once his direct appeal is concluded, it's presumed that he is in custody pursuant to a valid judgment of conviction. And it's his burden to show that his confinement is illegal. And when he came to the federal court and said, I'm filing this habeas petition because I want the Nevada Judicial Commission to discipline the judge, he was basically trying to say my confinement is illegal. And the district court said, You haven't stated to me any reason why I can find under the federal constitution that your confinement is unlawful. Therefore, it's lawful, and that constitutes an adjudication on the legality of his confinement, which renders the 2010 petition a second successive petition. Now, once we reach that question, we look at the allegations of the 2010 petition, and the petitioner makes allegations that he is actually innocent. We aren't dealing with a new constitutional rule that's retroactive to cases on collateral review that wasn't previously available. So it is his burden to show, in order to proceed on this petition, that his claims are based on a new factual predicate which could not have been previously discovered, and that they're sufficient to show by clear and convincing evidence that but for any constitutional error, no reasonable juror could find him guilty. Part of the problem that we run into in this case with that standard is that the petitioner pled guilty in this case. And not only did he plead guilty. If I would direct this Court's attention to pages 38 and 39 of the excerpts of record, where the petitioner, in pleading guilty, the district court, the state district court, asked him, what did you do to be guilty of the offense of attempted sexual assault on a minor under the age of 16? And he admitted on the record in open court that he had sexual intercourse with a female under the age of 16 years old. Now, that to me presents a very difficult proposition that the petitioners made a confession in open court on the record that not only did he commit the offense of attempted sexual assault on a minor under the age of 16, he conceded that he committed the offense that he was originally charged with under which he was facing a life sentence, that he sexually assaulted a female under the age of 16 years old. Let's just switch from the merits for a moment. Because if the first petition was not on the merits, the second petition could go forward. It wouldn't be a successive petition. That's correct. All right. So counsel just argued a few minutes ago that, you know, under Rule 4, given the large number of pro se petitioners who come to federal court with habeas petitions, a dismissal under Rule 4, you should be careful, because you don't want to use it as a way to screen, you know, to be too harsh to screen out cases. Correct. What do you say about that? I mean, when you have pro se litigants who often don't know what they're doing, they write these handwritten petitions. It's difficult enough sometimes just to read the handwriting. And if you're not advocating that every dismissal under Rule 4 is forever going to bar any just automatically bar some successive petition? That's absolutely not the Respondent's position. I think a prime example of that would be that the fact that in its initial order on the initial 2007 petition, the district court noted that one of the facial defects with that petition was that it didn't contain a statement of exhaustion. Now, it would not be beyond the realm for a federal district court to find under Rule 4 that there were facial problems with the petition itself or failure to satisfy the exhaustion requirements. And if the district court dismissed a petition under Rule 4 for failure to exhaust, that wouldn't constitute a ruling on the merits. It's clear under this Court's case law that a ruling that a dismissal of a petition for failure to exhaust does not constitute a ruling on the merits. And that makes sense because the idea of a dismissal for failure to exhaust is that the petitioner go back to state court, exhaust his claims, and come back to the district court with a fully exhausted petition to allow the federal court to review the state court's rulings on those claims. So now in this particular case, I mean, when I read the first 2007 order on the amended petition, it sort of looks like the district court says you just don't allege anything here that would entitle you to relief in habeas. But then he comes along a couple of months later and he says, hmm. I didn't really rule on the merits in any of that before. You're just not getting a certificate of appealability. I mean, shouldn't we take him for his word he didn't rule on the merits? End of story. There's an internal inconsistency with that. He contradicts himself by saying that these claims are frivolous but we didn't reach the merits. Well, I don't know how you review a petition and find it frivolous. Maybe he thought he did what Judge Fletcher said, which was that he looked at the petition and he just, these allegations here just don't cut it. And, you know, they're frivolous. I think there's not really, he didn't really look at the merits of the due process claim. I think there's a difference between saying that you haven't pled sufficient facts to substantiate your claim as opposed to saying what you're complaining about, this court can't do anything about it. We don't have the authority to tell the Nevada Judicial Discipline Commission to discipline a state court judge. And what you're asking us to do, we cannot do. And that, to me, means that the district court looked at the merits of his claims and reviewed those allegations and looked at their merits and said, these are without merit because there's nothing I can do about it. I mean, it's one thing to look at, to take a hard look at the merits. It's another thing just to take a quick look at the petition and say, oh, this doesn't look like it, like you're in the world of habeas relief and you're out of here. Certainly. And I think it's quite plain from the district court's language that it intended that that petition be dismissed with prejudice. It's consistent with this court's case law, the rules governing federal habeas proceedings, the federal rules of civil procedure, in particular Rule 41B, which states that if an involuntary dismissal does not state that it's without prejudice, that it is with prejudice. I see that I'm out of time, but if I could just finish my comment. Sure. Finish your comment. That it's presumed that it is with prejudice under Rule 41B. And that rule can be applied in this case because it is not inconsistent with the rules governing 21B. Well, Rule 41B is, that whole provision of 41B, it's discretionary. You don't have to apply it. Well, I think it's a default rule that it's presumed to be with prejudice unless the district court explicitly says that it's without prejudice. And I think the petitioner's reliance on cases where the federal district court has dismissed a petition under Rule 4 and expressly stated that this dismissal is without prejudice demonstrates that the district court knew exactly what it was doing when it did not state that this petition was being dismissed without prejudice. Okay. Thank you very much. Thank you. If the writ is to have any meaningful purpose, it must be accessible to those not only with means to retain counsel and prepare an articulate federal habeas petition, but to the majority of uneducated, unrepresented prisoners, which are what the court is faced with on a regular basis. The Supreme Court held in Sanders v. U.S. that conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of the constitutional rights is alleged. Access to writs, therefore, must not be impeded. So with these principles, again, I think that the issue is an interpretation of a Rule 4 dismissal as an adjudication on the merits in Mr. Leonetti's case, given the circumstances of the court's orders, which would act as a bar to subsequent habeas litigation, would severely limit the writ accessible to Mr. Leonetti. So you would say just on the basis of what happened here, the first order, the second order, the confusion. I think that bolsters the argument. That that's not a real true disposition. I think that clarifies what the court intended. But my broader argument is that we can't just look at a Rule 4 dismissal and say that precludes successive petitions because 2244 would bar the gates for any per se petitioner. I think that there has to be a little bit further review of what the court actually did. OK. Thank you, counsel. Interesting arguments. The matter is submitted at this time.
judges: Hug, Fletcher, Paez